THOMPSON, Judge.
Kenneth M. Brown was charged with first-degree premeditated murder[1] and robbery with a firearm.[2] The jury found him not guilty of murder, but found him guilty of the lesser-included offense of second-degree grand theft. Brown appeals his conviction and raises two issues. First, he argues that the trial court should have granted his motion to suppress. Second, he argues that the trial court should not have allowed the jury to hear a statement made by the girlfriend of his co-defendant, Deryl Wilson. We affirm.
After Brown was developed as a suspect in the case, the police contacted him at home. The police asked Brown to come to the police station to answer questions. Brown’s girlfriend drove him to the police station where he was questioned for 60 to 90 minutes. The police drove Brown home after he was questioned. Brown was arrested at work several hours later. Brown moved to suppress the statements he gave at the police station before he was arrested, arguing that he was in custody at the police station but was not given his Miranda warnings.[3] The trial court denied the motion after a contested hearing.
The interviewing officers testified during the suppression hearing that Brown voluntarily came to the station. The officers testified that, before the interview began, they asked Brown if he would answer questions of his own free will. He said yes. They also testified that they told him that he was not under arrest and that he could leave after the interview was finished. At the end of the interview, the police asked Brown if they had promised him anything or if any threats had been made. He said no. The trial court found that Brown was never formally arrested or taken into custody by the police and, therefore, that Miranda warnings were not necessary. See State v. Crosby, 599 So.2d 138, 140 (Fla. 5th DCA 1992); State v. Alioto, 588 So.2d 17 (Fla. 5th DCA 1991). We agree with the trial court that Miranda did not apply. See Correll v. State, 523 So.2d 562, 564 (Fla.), cert. denied, 488 U.S. 871, 109 S.Ct. 183, 102 L.Ed.2d 152 (1988). A police officer’s interview of a person at the police station does not necessarily invoke the protections of Miranda. Roman v. State, 475 So.2d 1228, 1231 (Fla.1985), cert. denied, 475 U.S. 1090, 106 S.Ct. 1480, 89 L.Ed.2d 734 (1986). Because the trial court’s decision was supported by competent and substantial evidence, we affirm the court’s denial of Brown’s motion to suppress. See Bonifay v. State, 626 So.2d 1310 (Fla.1993).
Brown also contends that the trial court should have sustained his objection to the statement made by Wilson’s girlfriend. Wilson’s girlfriend testified that she heard Wilson say that Sam’s, the store which was robbed, would be “a good place to hit.” This statement was made several months before the robbery. Brown argues that the statement was not relevant to his case because it was made by Wilson and not by him, it was too remote in time from the crime, and Brown was not present when Wilson made the statement. The state argues that the statement was admissible to show the element of premeditation. We disagree. The statement was hearsay, and we can find no exception that would allow the statement to be used against Brown. We conclude, however, that the admission of the statement was harmless error because the evidence against Brown was overwhelming. State v. DiGuilio, 491 So.2d 1129 (Fla.1986). Brown admitted participating in the crime, disposing of the gun, and sharing in the proceeds of the robbery. Brown told police that the gun used during the robbery was in a hip pouch Wilson borrowed from him. In addition to the voluntary statement that Brown gave to the police, Brown’s fingerprints were retrieved from inside the store where the robbery occurred. In light of this evidence, any error in admitting the statement was harm *1168 less. Accordingly, we affirm Brown’s conviction.
AFFIRMED.
COBB and GOSHORN, JJ., concur.

. § 782.04(l)(a), Fla.Stat. (1993).

. § 812.13(2)(a), Fla.Stat. (1993).

.Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).